United States District Court
Southern District of Texas
ENTERED
August 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| RONALD HOSEA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00014 |
| | § | |
| HOME DEPOT U.S.A., INC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff Ronald Hosea claims that he suffered personal injuries at a Home Depot U.S.A., Inc. store on August 16, 2022, when a Home Depot employee transporting a pipe on a flatbed cart struck Hosea's shopping cart, which, in turn, struck Hosea. Hosea insists that the employee backed up and struck Hosea's shopping cart a second time. Hosea acknowledges that he has no knowledge of whether the employee's actions were intentional. "Alls I can say is that [the Home Depot employee] hit me twice," Hosea testified at deposition. Dkt. 25-2 at 15.

Hosea alleges that Home Depot is liable for three causes of action: premises liability, negligence, and gross negligence. Home Depot has moved for summary judgment on the premises liability and gross negligence claims, arguing that Hosea's premises liability claim is not applicable and that Hosea has no evidence to support a gross negligence claim. *See* Dkt. 25. Hosea has not responded to the summary judgment motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

### A. PREMISES LIABILITY

In seeking summary judgment on Hosea's premises liability claim, Home Depot argues that "a premises liability cause of action is not applicable here" and that Hosea must pursue his claim under a "simple negligence" theory. Dkt. 25 at 4. I agree.

Under Texas law, a premises liability claim "is based on the property itself being unsafe," while a negligence claim "requires that the claimant's injury result from a contemporaneous activity itself rather than from a condition created on the premises by the activity." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Stated differently, "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (cleaned up).

Here, the summary judgment evidence establishes that Hosea's claim is based on "contemporaneous activity itself rather than from a condition created on the premises." *Shumake*, 199 S.W.3d at 284. Hosea testified that his alleged injury resulted from a Home Depot employee hitting his shopping cart while moving pipes on a flatbed cart. *See* Dkt. 25-2 at 14. The physical conditions of the store are not at issue. As a result, Hosea's claim sounds in negligence, not premises liability. I thus grant summary judgment for Home Depot on Hosea's premises liability claim.

### B. GROSS NEGLIGENCE

Home Depot next moves for summary judgment on Hosea's gross negligence claim. The Texas Supreme Court has held:

> Gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual,

> subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998) (cleaned up).

Home Depot is entitled to summary judgment on Hosea's gross negligence claim because Hosea has failed to raise a fact issue with respect to the objective or subjective elements of such a claim. On the objective prong, Home Depot correctly observes that "[p]ushing a pipe unknowingly into a cart that incidentally strikes Plaintiff, as he alleges, is not an act that would objectively constitute an extreme degree of risk." Dkt. 25 at 6. On the subjective prong, there is no evidence that Home Depot, its employees, or its agents had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *See id.* Accordingly, Home Depot is entitled to summary judgment on Hosea's gross negligence claim.

**CONCLUSION**

For the reasons discussed above, Home Depot's motion for summary judgment (Dkt. 25) is granted on Hosea's premises liability and gross negligence causes of action.

SIGNED this 25th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE